# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

vs.                                        Case No. 3:18-cv-862-J-32JRK

JACKSONVILLE PLUMBERS AND
PIPEFITTERS JOINT APPRENTICESHIP
AND TRAINING TRUST,

    Defendant.

## ORDER

On July 1, 2018, the Equal Employment Opportunity Commission ("EEOC") filed a complaint against the Jacksonville Plumbers and Pipefitters Joint Apprenticeship and Training Trust ("JPP"), alleging that its employment practices discriminate based on race in violation of Title VII. See Doc. 1. JPP moved to dismiss on several grounds, and the EEOC responded, explaining, in part, that JPP misunderstood the EEOC's legal theories. See Docs. 7 & 8. JPP has now moved for leave to file a reply so it can address that. See Doc. 9. The EEOC responded in opposition, saying, in essence, that JPP had its chance in its earlier motion to address any issues with the EEOC's complaint. See Doc. 12.

As the Court sees it, part of the problem is that the EEOC's complaint includes three sentences under the heading of Statement of Claims but does not include separate counts to assert what it explains are claims of both disparate impact and disparate treatment under Title VII. Although the EEOC contends it is not necessary for it to separate its claims, in this

circumstance, the Court disagrees. Rule 10(b) of the Federal Rules of Civil Procedure states in part, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Separating its disparate impact and disparate treatment claims into separate counts would promote clarity here. See, e.g., Texas Dep't of Housing and Comm. Affairs v. Inclusive Comms. Project, Inc., 135 S. Ct. 2507, 2413 (2015) (discussing distinctions between disparate impact and disparate treatment claims); see also Mathis v. City of St. Augustine Beach, No. 3:13-cv-1015-J-34JRK, 2015 WL 1470762 (M.D. Fla. Mar. 31, 2015) (admonishing plaintiff for improperly combining disparate treatment and retaliation claims into a single count in violation of Rules 8 and 10(b)).

The Court will direct the EEOC to file an amended complaint to separate its claims into separate counts, taking care to only incorporate the factual allegations pertinent to each count. While making that amendment, it is free to also consider any of the issues JJP noted in its motion to dismiss and motion for leave to file a reply (both of which the Court will now terminate). Likewise, whether JJP files a motion to dismiss or an answer to the amended complaint, it should bear in mind the EEOC's responses to its motion to dismiss and for leave to file a reply.

Accordingly, it is hereby

**ORDERED**:

The EEOC shall file an amended complaint no later than **October 22, 2018**. JPP shall respond no later than **November 13, 2018**. JPP's motion to dismiss (Doc. 7) and motion for leave to file a reply (Doc. 9) are terminated.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of October, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record