IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

               Plaintiff,

    v.                                 Case No. 3:18-cv-862-J32- JRK

JACKSONVILLE PLUMBERS AND
PIPEFITTERS JOINT APPRENTICESHIP
AND TRAINING TRUST,

               Defendant.

_____/

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between the United States Equal Employment Opportunity Commission ("Commission" or the "EEOC"), and the Jacksonville Plumbers and Pipefitters Joint Apprenticeship and Training Trust ("JPPJATT") (hereinafter the EEOC and the JPPJATT collectively referred to as "the Parties").

## INTRODUCTION

1.     The EEOC initiated this action on July 10, 2018, alleging that the JPPJATT discriminated against first-time Black applicants by failing to select them for the apprenticeship position from 2011 to the present based on their race in violation of Title VII of the Civil Rights Act of 1964.

2.     The agreement to enter into this Decree shall not be construed as an admission of liability by the JPPJATT as to any allegations by the EEOC. The JPPJATT denies the allegations in the Complaint in their entirety and denies that it violated Title VII.

3.      In the interest of resolving this matter, and to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.  This Decree is final and binding on the Parties and their respective successors and assigns.

4.      No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree, *subject to approval of the Court.* (TJ)

5.      This Decree fully and finally resolves the claims asserted by the Commission in the Complaint filed in this action styled *EEOC v. Jacksonville Plumbers and Pipefitters Joint Apprenticeship and Training Trust*, Case No. 3:18-cv-862 (M.D. Fla.), and the underlying EEOC charge of discrimination, Charge No. 15E-2012-00051.

6.      This Decree constitutes the complete understanding between the Parties with respect to the matters herein.

7.      If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

8.      This Decree does not resolve any charges of discrimination that may be pending with the Commission against the JPPJATT. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later be filed against the JPPJATT in accordance with standard EEOC procedures.

2

9.     Nothing in this Decree shall be construed to limit or reduce the JPPJATT's obligations to comply with the statutes enforced by the EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA), 42 U.S.C. § 2000f.

## FINDINGS

10.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

    a.     This Court has jurisdiction over the subject matter of this action and the Parties;

    b.     The Court will retain jurisdiction for the duration of this Decree;

    c.     No party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

    d.     The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of Charging Party Eric Holford, Class Members, and the public interest are adequately protected by this Decree; and

    e.     The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of the JPPJATT.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

### DURATION OF DECREE

11.     This Decree shall be in effect from the Effective Date until completion and review of the 2023 selection process as described in Paragraph 34. The "Effective Date" shall mean the date on which the Court gives final approval to the Decree by entering it on the Court docket after motion and hearing, if required.

12.     If at the end of the Consent Decree, any disputes remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

### GENERAL INJUNCTIVE PROVISIONS

13.     The JPPJATT and its Trustees, officers, employees, agents, successors, and assigns shall not discriminate against Black applicants on the basis of race in selecting apprentices.

14.     The JPPJATT and its Trustees, officers, agents, employees, successors in interest, and all persons acting in concert with them or on their behalf, shall ensure that applicants and employees are not subject to retaliation for opposing any selection practice made unlawful by Title VII; filing a charge of discrimination on the basis of race; or assisting in any investigation, proceeding, or hearing in connection with any charge of discrimination or complaint of race discrimination.

### REVIEW OF SELECTION PROCEDURE

15.     Within twenty-one calendar (21) days of the Effective Date, the JPPJATT and the EEOC will agree to a list of at least three (3) candidates to potentially serve as the JPPJATT's Revised Selection Process Developer ("RSPD").   Each candidate must have experience in industrial and organizational psychology.

4

16.     Within twenty-one (21) calendar days of developing the agreed-upon list, the JPPJATT will send out a Request for Proposal (RFP) to each RSPD candidate that seeks responses within 4 weeks of the date of the RFP. The RFP will specify that that RSPD will, at a minimum, do the following:

a.   Review and consider a summary of the EEOC's concerns with the JPPJATT's selection of Black applicants provided by the EEOC;

b.   Review and consider the JPPJATT's apprenticeship program and structure;

c.   Analyze the JPPJATT's current selection process including applicant submissions, interview questions, rating or scoring forms, and guidance given to Trustees;

d.   Review and consider the JPPJATT's business needs and goals of identifying and selecting the most qualified apprentices efficiently and effectively;

e.   Review and consider the types of selection tests and procedures that are used or could be used by the JPPJATT;

f.   Consider the possible disparate impact of using certain tests or selection procedures;

g.   Consider the job relatedness and business necessity of using certain tests or selection procedures;

h.   Conduct a job analysis of the apprentice position;

i.   Review and consider all legal requirements for registered apprenticeship plans, including U.S. Department of Labor and Florida Department of Education regulations, as well as requirements under Title VII, and the Uniform Guidelines on Employee Selection Procedures ("UGESP"), 29 C.F.R. Part 1607;

j.  Consider whether revisions to the JPPJATT's selection procedures would lessen any adverse impact on Black applicants;

k.  Make recommendations for revisions to the JPPJATT's selection process that are job-related, consistent with business necessity, and designed to minimize any potential for discrimination in selection of apprentices;

l.  Submit reports, as outlined in Paragraphs 20 - 24 below; and

m.  Provide training on the revised process.

17.  The JPPJATT will review the responses to the Request for Proposals received and retain or engage a RSPD. The JPPJATT will be responsible for paying all expenses related to the RSPD, as laid out in a separate agreement between the JPPJATT and the RSPD.

18.  If at any point the RSPD becomes unavailable to serve in that capacity, the JPPJATT will immediately notify the EEOC. The Parties will work together to determine whether another Request for Proposals with new candidates is necessary, or whether a different RSPD can be selected from proposals already received.

19.  Prior to the commencement of work by the RSPD, the JPPJATT and the EEOC (either jointly or separately) will meet with the RSPD to discuss the scope of work, requirements of the decree, and the JPPJATT's current selection procedures. Both the JPPJATT and the EEOC are permitted and encouraged to submit documents and other information that may aid the RSPD in conducting the analysis and developing recommendations.

20.  The RSPD will conduct a job analysis of the apprenticeship position and issue to the JPPJATT and the EEOC a written summary of the job analysis. The RSPD will be asked to submit the written summary of the job analysis within thirty (30) calendar days of starting work. As part of the job analysis the RSPD will be expected to consult with subject matter experts,

6

including persons within the JPPJATT, that have relevant information about the nature of the apprentice position and the critical components of success as an apprentice. The Parties may express any concerns with the job analysis in writing within fourteen (14) days of receipt, and the RSPD will address those concerns and, if necessary, submit a revised job analysis. The RSPD will be asked to submit the revised job analysis within twenty-one (21) calendar days.

21.     The RSPD will issue to the JPPJATT and the EEOC a report setting forth his or her proposal on recommended changes to the selection process and explain how the recommendations are job-related, consistent with business necessity, and designed to minimize any potential for discrimination in selection of apprentices. The RSPD will provide the JPPJATT and the EEOC with a copy of any and all recommended documents to be used in connection with a revised selection procedure, including but not limited to any new application materials, interview questions, score or rating sheets or other forms. The RSPD will be asked to issue the report and provide the documents within one hundred twenty (120) calendar days of starting work.

22.     Both the JPPJATT and the EEOC may express any concerns with the recommendations in the RSPD's report by providing written notice to the RSPD and the other Party within fourteen (14) calendar days. The RSPD shall address the EEOC's and the JPPJATT's concerns and submit a final report to the Parties within twenty-one (21) calendar days. Additionally, if the EEOC or the JPPJATT believes that the report fails to meet any of the requirements of the Consent Decree, the EEOC or the JPPJATT will notify the RSPD and the other party in writing within fourteen (14) calendar days of receiving the report, and the RSPD shall revise the report to comply with Paragraphs 16 and 21 of the Decree.

23.     In the event that the RSPD recommends changes to the apprentice selection procedure, the JPPJATT will draft and submit to the Florida Department of Education a requested

change to its Standards for apprentice selection incorporating the RSPD's recommendations. The JPPJATT will take all reasonable steps to seek implementation of any revisions to the apprentice selection process in time for the 2021 apprentice selection cycle.

24.     During the term of this Decree, any changes to the selection process must be reviewed and approved by the RSPD, with prior notice to the EEOC.

## INFORMATION SESSIONS

25.     The JPPJATT will offer one (1) hour information sessions, to be provided at least four times a year, to be held in different locations targeting the Black community in Duval County and/or Alachua County, and geared towards persons interested in applying to the apprenticeship program ("Information Session").

26.     The Information Session shall include information about the apprentice position and program; helper work available through Plumbers and Pipefitters Local 234 ("Union") as a pre-apprentice; the selection procedures for the apprenticeship program in place for the upcoming selection cycle; how to apply at the Union for work in the pre-apprentice classification; and information as to what makes a successful apprentice candidate. The EEOC shall provide the JPPJATT with a list of suggested locations for the Information Sessions to be conducted. The JPPJATT will make reasonable efforts to hold Information Sessions in these locations.

27.     In 2020, three (3) of the Information Sessions shall occur prior to thirty (30) calendar days prior to the application deadline for the 2020 selection cycle.

## INVITATION TO INTERESTED CLAIMANTS

28.     Within sixty (60) calendar days of the Effective Date, the EEOC shall provide the JPPJATT with a list of persons who were first-time Black applicants and who were not selected

as apprentices from 2011 to 2019. For those who are EEOC Class Members (see below), the EEOC will provide updated mailing addresses.

29.     Within twenty eight (28) calendar days of receiving the list, the JPPJATT will send out a mailing to each person on the EEOC's list that will (a) invite each to reapply for the apprenticeship program, (b) inform each about helper work available through the Union as a pre-apprentice, (c) invite each to participate in an eight (8) hour program designed to introduce participants to the apprentice training program and provide guidance on how to be competitive in upcoming selection cycles as described below, and (d) invite each to participate in an upcoming Information Session. The JPPJATT shall certify to the EEOC in writing within ten (10) business days of the mailing that the notices were mailed to each person's last known address as provided by the EEOC or as contained in the JPPJATT's files.

30.     The JPPJATT will schedule the program, which may be held as a one (1) day program or two (2) half day programs, at least four (4) weeks after the date of the mailing described above but no later than thirty (30) calendar days prior to the deadline for submission of applications for the 2020 selection cycle. Persons interested in attending the session must register at least fourteen (14) calendar days prior to the date of the session. The program will be held at the apprenticeship school and scheduled at times when apprentices are required to attend class, either Monday to Thursday evenings or on a Saturday. If there are at least eight (8) persons who respond that they are interested in attending but are unable to attend a session as scheduled, then the JPPJATT will schedule a repeat session.

31.     The JPPJATT will develop the content of the eight (8) hour program designed to assist participants in becoming competitive in the apprentice selection process. The eight (8) hour program will include discussion and practical advice on interviewing skills; discussion and

9

practical advice on work experience relevant to an apprentice's worksite duties, including the value of working as a pre-apprentice; discussion and introduction to the tools of the trade; discussion and practical advice on academic skills relevant to an apprentice's classroom responsibilities; discussions and introduction to math and geometry skills necessary to succeed in the apprenticeship program; tour of the apprenticeship school; discussion and practical advice on preparing and submitting an apprentice application; and discussion with and advice from current Black apprentices or journeymen.

32.    If, however, the JPPJATT does not receive at least five (5) timely registrations for the offered eight (8) hour program then the JPPJATT will not be required to develop and present it.

**DISPARATE IMPACT REVIEW**

33.    Each year, within thirty (30) days of completing the apprentice selection process and inscribing new apprentices with the FLDOE, the JPPJATT shall prepare and submit a report to the EEOC which shall include:

  a.  Raw data about each year's applicants, including the number of applicants by race, the number of interviews by race, and the number of offers made by race; and

  b.  Certification that any changes to the selection procedure suggested by the RSPD have been implemented.

34.    If the EEOC determines that the JPPJATT's selection process results in a disparate impact on Black applicants as defined by the Uniform Guidelines on Employee Selection Procedures ("UGESP"), 29 C.F.R. Part 1607, the EEOC may require the JPPJATT to meet with the RSPD to consider additional changes to its selection process.

## NOTICE

35.     Within ten (10) business days after the Effective Date, the JPPJATT shall post a laminated 8.5" x 11" copy of the Notice attached as Exhibit A in a conspicuous location within its lobby visible to apprenticeship applicants. The JPPJATT shall certify to the EEOC in writing within fifteen (15) business days after entry of this Decree that the Notice has been properly posted.

## TRAINING

36.     The JPPJATT shall provide live training to its trustees, apprenticeship coordinator, and office staff, as follows:

   a.  No later than May 1, 2020, one (1) hour of training shall be conducted by a subject matter expert ("SME") on Title VII and race discrimination, which the JPPJATT shall retain at its own expense. The proposed SME shall be identified to the EEOC within sixty (60) days of the entry of this Decree, and the JPPJATT must obtain the EEOC's agreement on the SME. The EEOC's agreement on an SME will not be unreasonably withheld. The training shall include, but not be limited to, an explanation of the prohibition against discrimination based on race.

   b.  After receipt of the RSPD's recommendations, the RSPD will conduct a training session for the JPPJATT's trustees, apprenticeship coordinator, and office staff to train on the use of the selection procedure. The exact length of the training session is within the RSPD's discretion but will, at a minimum, be ninety (90) minutes.

37.     Thereafter, on an annual basis during the duration of this Decree and prior to that year's selection cycle beginning, if there has been a change in Trustees or there has been a change in the selection procedure, then the RSPD will hold a training session for the JPPJATT's trustees, apprenticeship coordinator, and office staff, on the use of the selection procedure and any changes

11

to the selection process for the upcoming selection cycle. The exact length of the training session is within the RSPD's discretion but will, at a minimum, be sixty (60) minutes long.

38.     The JPPJATT will provide the EEOC with at least fourteen (14) calendar days' prior notice of the time, date, and location of each Information Session and training offered as described above. The JPPJATT agrees that the EEOC, at its discretion may attend information sessions and/or training sessions required by this Decree. The JPPJATT also agrees to notify the EEOC of any scheduling changes. The EEOC shall provide the JPPJATT with seven (7) days' notice of its intention to attend any such sessions.

## MONETARY RELIEF

39.     Within fifteen (15) business days of the Effective Date, the JPPJATT agrees to pay the lump sum of two hundred seven thousand five hundred dollars ($207,500) into an escrow account administered by a claims administrator as designated below to establish a settlement fund (the "Fund") to be distributed to Class Members ("Claims Administrator"). Class Members are those first-time Black applicants who were not selected as apprentices from 2011 through 2019 and who have agreed to participate in EEOC's lawsuit. Any interest accrued by the Fund will be used to pay expenses associated with the administration of the Fund. Other than withdrawal of accrued interest, all payments from this Fund shall only be payments authorized by the Decree.

40.     Within fifteen (15) business days of the Effective Date the JPPJATT shall engage the Claims Administrator, who shall be responsible for: (1) distributing and collecting signed Release and Waiver forms from Class Members; (2) issuing checks to Class Members from the Fund; (3) issuing related tax documents; (4) donating remaining money; and (5) performing such other administrative tasks as it may deem necessary to facilitate the claims process.  All expenses,

fees, and costs of the Claims Administrator shall be paid by the JPPJATT, other than costs offset by accrued interest on the Fund.

41.     The EEOC shall have the sole authority to determine the Class Members and the amount to be paid to each. The JPPJATT will not participate on have a role in determining eligibility for monetary awards or the amount of the awards and waives any right to contest the same.

42.     Within seventy-five (75) calendar days of the Effective Date, the EEOC will give to the Claims Administrator a list of Class Members, a notice to be sent to each Class Member along with the attached Release and Waiver Form, and the amount to be distributed to each Class Member.

43.     Within fifteen (15) calendar days of receiving the list from the EEOC, the Claims Administrator shall notify each Class Member that he or she must sign and return the enclosed Release and Waiver Form within ninety (90) calendar days of the date of the notice in order to receive the described payment.

44.     Within forty-five (45) calendar days of receiving the list from the EEOC, the Claims Administrator will review the Release and Waiver Forms received and will mail checks via certified mail to Class Members who have submitted signed Release and Waiver Forms. The Claims Administrator shall issue an IRS Form 1099 to each Class Member at the same time it mails checks. Thereafter, the Claims Administrator will review Release and Waiver Forms received and issue checks and 1099s every thirty (30) calendar days for six (6) months. Each time the Claims Administrator issues payments, it will simultaneously submit to EEOC verification of payments, including a copy of the checks and certified mail receipts.

45.     The Claims Administrator will not issue checks to Class Members who have not submitted a signed Release and Waiver Form.

46.     The Claims Administrator will retain a copy of all Release and Waiver Forms received and will submit the original Release and Waiver Forms to the JPPJATT upon conclusion of issuing checks.

47.     Within thirty (30) calendar days after the issuance of payment, the Claims Administrator will notify the EEOC of any checks returned or any uncashed payments. The EEOC may take further steps to reach those Class Members who did not receive and/or cash their settlement checks. The Claims Administrator shall be responsible for all costs related to stopping payment on undelivered checks and mailing new checks if the original check was not delivered to the Class Member.

48.     Monetary payments will be made to the representative of the deceased estate or next of kin if the EEOC determines that appropriate documentation (e.g., letters testamentary or the equivalent) has been provided.

49.     If the JPPJATT fails to tender the payments described above, the JPPJATT will pay interest on the defaulted payment(s) at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional costs incurred by the JPPJATT's non-compliance or delay.

50.     One-hundred-eighty (180) calendar days after issuing the final checks, the Claims Administrator shall notify the EEOC of any unclaimed monies in the Fund.  Thereafter, within fifteen (15) days, the Claims Administrator shall donate the remaining unclaimed monies to Wealth Watchers, Inc., 5310 Lenox Avenue, Suite 4, Jacksonville, Florida 32205. The Claims

Administrator shall provide the EEOC with a receipt of the donation and a bank statement for the Fund showing the account is emptied.

## RECORD KEEPING

51.　　For the duration of this Decree, at the EEOC's request, the JPPJATT shall make available for inspection and copying by the EEOC the following records for the prior three (3) application cycles:

　　a.　An electronic database containing, for each applicant, the full name, race, gender, social security number, address, telephone number, any scores or quantified evaluations made during the selection process, which stages of the selection process the applicant completed, and whether an apprentice position was offered to the applicant;

　　b.　A copy of all materials developed by the RSPD and used in any way as part of the application process;

　　c.　All application materials submitted by each applicant or in reference to the applicant (e.g., references, driving records, transcripts);

　　d.　All materials generated by the JPPJATT in reference to the applicant (e.g., rating forms, committee summary sheets, a list of information shared about the applicant prior to the interview, interview answers, a selection or rejection letter);

　　e.　A list of interview questions asked of each applicant; and

　　f.　Records relating to outreach efforts to recruit Black applicants including any advertisements, flyers, handouts, or other notices.

52.     The JPPJATT shall make all documents or records referenced above available for inspection and copying upon fifteen (15) business days' notice.  The JPPJATT shall also require its personnel and Trustees whom the EEOC reasonably requests for purpose of verifying compliance with this Decree to cooperate with the EEOC and to be interviewed.

## SEMI-ANNUAL REPORTING

53.     On March 15 and September 15, annually, the JPPJATT shall provide the EEOC with a written report ("Report") that shall contain:

a.  A detailed explanation, certified by the chairman of the Board of Trustees, of the selection procedure that will be used during upcoming selection cycle (in the March report) or that was used in the recently concluded selection cycle (in the September report), including a description of any changes made since the last report, as well as a list of any Trustee resignations or appointments.

b.  A certification that the Notice required to be posted as described above remained posted during the entire six (6) month period preceding the Report;

c.  A certification from the chairman of the Board of Trustees that any required training sessions were completed and a list of all attendees at such training sessions held during the six (6) month period preceding the Report;

d.  If any complaints of race discrimination or retaliation were made by JPPJATT employees, Trustees, apprentices, or applicants within the last six (6) months, a description of the complaint, the nature of the complaint, the name and title of the alleged discriminator, the name of the applicant or employee making the complaint, relevant dates, and what action (if any) the JPPJATT took in response to the

16

complaint. If there are no complaints of discrimination or retaliation, the JPPJATT shall indicate the same; and

 e. A list of all recruiting efforts for the apprenticeship program during the six (6) month period preceding the Report, specifically identifying any that were done specifically to target Black applicants, including the dates and locations of the one-hour Information Sessions described above.

**DISPUTE RESOLUTION**

54. In the event that either party to this Decree believes that the other party has failed to comply with any provision of this Decree, the complaining party shall notify the other party of the alleged non-compliance within fifteen (15) business days of the discovery of the alleged non-compliance and shall afford the alleged non-complying party fifteen (15) business days to remedy the alleged non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.

55. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) business days, the complaining party may apply to the Court for appropriate relief.

**NOTIFICATION TO SUCCESSORS**

56. The JPPJATT shall provide prior written notice to any successor of the EEOC's lawsuit, allegations raised in the EEOC's complaint, and the existence and contents of this Decree.

**CONTACT FOR REPORTING REQUIREMENT**

57. All reports, notices and other documents required hereunder to be delivered to EEOC shall be sent to "Robert E. Weisberg, Regional Attorney, Re: JPPJATT Consent Decree"

17

via electronic mail to Robert.Weisberg@eeoc.gov, Chelsae.Ford@eeoc.gov, and Brandi.Meredith@eeoc.gov.

## COSTS

58.     Each party to this Decree shall bear its own expenses, attorney fees, and costs associated with this litigation and the Consent Decree.

SO ORDERED, ADJUDGED AND DECREED, **this** 10 day of January 2020

_____
UNITED STATES DISTRICT JUDGE

18

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____          Date: __11/6/2019__
Robert E. Weisberg, Esq.
Regional Attorney
Miami District Office
U.S. Equal Employment Opportunity Commission


AGREED TO:

FOR THE DEFENDANT JACKSONVILLE PLUMBERS AND PIPEFITTERS JOINT
APPRENTICESHIP AND TRAINING TRUST:

By: _____          Date: __11/6/19__
Larry L. Turknett
Chair, Jacksonville Plumbers and
Pipefitters Joint Apprenticeship and
Training Trust


_____          Date: __11/6/19__
Ronny E. Andrews
Secretary, Jacksonville Plumbers and
Pipefitters Joint Apprenticeship and
Training Trust